Argued and submitted August 5, 1998, reversed and remanded April 14, 1999

## STATE OF OREGON,
*Appellant,*

*v.*

## LANCE DOUGLAS FLEMING,
*Respondent.*

(94-12-38069; CA A87518 (Control))

## STATE OF OREGON,
*Appellant,*

*v.*

## RONALD KEITH HECKATHORNE,
*Respondent.*

(94-12-38073; CA A87519)
(Cases Consolidated)

979 P2d 771

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Diane L. Alessi, Interim Public Defender, argued the cause and filed the brief for respondents.

Before Landau, Presiding Judge, and Wollheim and Brewer,* Judges.

LANDAU, P. J.

---

* Brewer, J., *vice* Riggs, P. J., resigned.

**LANDAU, P. J.**

In these consolidated criminal cases, defendants were charged with possession of a depiction of sexual conduct involving a child, in violation of *former* ORS 163.672 (1993), *repealed by* Or Laws 1995, ch 768, § 16.[1] Defendants demurred to the indictments on the ground that *former* ORS 163.672 violated the free speech guarantees of Article I, section 8, of the Oregon Constitution. The trial court granted the demurrers. The state appeals, arguing that the Supreme Court's decision in *State v. Stoneman*, 323 Or 536, 920 P2d 535 (1996), published some time after the trial court's decisions, requires reversal. We agree with the state and reverse and remand.

At issue in *Stoneman* was the constitutionality of *former* ORS 163.680 (1987), *repealed by* Or Laws 1995, ch 768, § 1,[2] which made it unlawful for any person

"to pay or give anything of value to observe sexually explicit conduct by a child known by the person to be under 18 years of age, or to pay or give anything of value to obtain or view a photograph, motion picture, videotape or other visual reproduction of sexually explicit conduct by a child under 18 years of age."

Applying the analysis required by *State v. Robertson*, 293 Or 402, 649 P2d 569 (1982), and its progeny, the court first examined whether the challenged statute targeted the substance of any communication, as opposed to the harmful effects of communication. The court concluded that *former* ORS 163.680,

"prohibited the purchase of certain communicative materials, not in terms of their communicative *substance*, but in terms of their status as the products of acts that necessarily have harmed the child participants."

*Stoneman*, 323 Or at 548 (emphasis in original). The court cited as the basis for that conclusion the language of the statute itself, its requirement that the prohibited visual reproductions depict actual children engaged in sexually explicit

---

[1] All references to *former* ORS 163.680 are to the 1987 version.

[2] All references to *former* ORS 163.672 are to the 1993 version.

conduct, and several portions of statutory context. *Id.* at 546-48. Among the contextual references that the court found pertinent was *former* ORS 163.683 (1987), which established an affirmative defense to prosecution under *former* ORS 163.680 if a defendant purchased a visual reproduction otherwise prohibited under *former* ORS 163.680 and the reproduction is not the product of an act of actual sexual abuse of a child. *Stoneman,* 323 Or at 546-47. The court concluded that, because *former* ORS 163.680 targets only the effects of speech, it did not directly violate Article I, section 8. *Stoneman,* 323 Or at 550.

At issue in this case is the constitutionality of *former* ORS 163.672, which provided, in part:

"(1) A person commits the crime of possession of a depiction of sexual conduct involving a child if the person knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child."

The state argues that *Stoneman* controls the constitutionality of *former* ORS 163.672. Defendants contend that *Stoneman* actually compels the conclusion that *former* ORS 163.672 is unconstitutional. According to defendants, the linchpin for *Stoneman* was the applicability of the affirmative defense described in *former* ORS 163.683, which demonstrated that the legislature intended to target only the effects of speech. Defendants contend that, because that affirmative defense does not apply to prosecution under *former* ORS 163.672, we must conclude that the statute targets speech and not its harmful effects.

We agree with the state. *Former* ORS 163.672 targeted the possession of depictions of children engaged in sexually explicit conduct. The statute parallels *former* ORS 163.680, which prohibited commerce in depictions of children engaged in sexually explicit conduct. As to whether *former* ORS 163.672 targeted merely the harmful effects of speech, and not speech itself, it is materially indistinguishable from *former* ORS 163.680. We reach that conclusion on the basis of the language of the statute itself, as did the Supreme Court with respect to *former* ORS 163.680 in *Stoneman. Stoneman,* 323 Or at 546. It is true that the *Stoneman* opinion mentions

*former* ORS 163.683, the affirmative defense to *former* ORS 163.680, which does not apply to prosecutions under the statute at issue in this case. *Stoneman*, 323 Or at 547. Nevertheless, the court's reference to the defense was in no way a necessary predicate of its analysis; the court cited the statute as contextual support for what it stated that the text made clear. *Id.* at 546-47.

We conclude that the trial court erred in granting defendants' demurrers.

Reversed and remanded.